IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 13, 2013

**STEPHEN McKINLEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 10-05629     J. Robert Carter, Jr., Judge**

**No. W2012-01864-CCA-R3-PC  - Filed January 16, 2014**

The petitioner, Stephen McKinley, appeals the denial of his petition for post-conviction relief, arguing that his guilty plea was unknowing and involuntary.  Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

James E. Thomas, Memphis, Tennessee, for the appellant, Stephen McKinley.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Murial Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On August 31, 2010, in case number 10-05629, the petitioner was indicted on one count of carjacking, a Class B felony.  On March 10, 2011, he entered an Alford plea to the charge of carjacking, as well as to the reduced charge of attempt to obtain a controlled substance by fraud in another case – case number 10-05635.  The facts giving rise to the carjacking charge were recited by the State at the plea submission hearing as follows:

> The State would prove on September 8, 2006, Mr. Keair Kemp . . . was at a gas station at South Park and Bellevue at which point a person known to him as [the petitioner] came up, took the vehicle, and drove off with it.

The [petitioner] was identified by the victim and by police as the person that was in possession of the vehicle and in control of it at the time of the carjacking.

Pursuant to the plea agreement, the petitioner was sentenced to a 7.2-year sentence as a mitigated offender on the carjacking charge, which was suspended to probation. He was sentenced to six months on the controlled substance charge, which was suspended to time served.

On March 13, 2012, the petitioner filed a *pro se* petition for post-conviction relief and, after the appointment of counsel, an amended petition was filed. In his petitions, the petitioner alleged that he received the ineffective assistance of counsel and that his guilty plea was involuntary.[1]

The post-conviction court conducted an evidentiary hearing at which the petitioner's trial counsel testified that he had been licensed to practice law since 2005 and had been with the public defender's office since late 2006 or early 2007. He represented the petitioner on the carjacking charge and, during their initial consultation, the petitioner informed him that he had "some mental issues." Counsel arranged for the petitioner to have a mental evaluation, and he was admitted for a thirty-day evaluation. A competency hearing was eventually held, and Dr. John Hutson with West Tennessee Forensic Services advised that the petitioner "does understand the nature of [the] legal process for the limited understanding and that he can assist counsel and mental disease or defect did not prevent him from appreciating the nature and wrongfulness of his acts . . . as required under the statute." Dr. Hutson also found that the petitioner "was exaggerating and malingering" his symptoms.

Counsel testified that the petitioner gave him his version of the events surrounding the carjacking, and he conducted an investigation into the case. Counsel explained to the petitioner the possible defenses available to him. Counsel attempted to contact the victim and learned that he had left the area. He eventually located the victim but was not able to make contact with him.

Counsel testified that he met with the prosecutor and worked out a resolution on both of the petitioner's cases. Counsel explained that the petitioner "would receive time served on the obtaining controlled substance [charge] and that he will be offered up-front probation at a mitigated sentence of seven point two years on the carjacking matter." Counsel noted that the petitioner was not a mitigated offender, as he had two prior felony convictions. The petitioner also had prior misdemeanor convictions and "had ple[d] guilty in numerous matters

_____

[1] His petitions address only the carjacking conviction.

on other occasions." Counsel "made numerous jail visits" to discuss the State's offer with the petitioner. Counsel advised the petitioner that he did not have to accept the offer but explained to him that "up-front probation" was "the best case scenario on this type of case." He discussed with the petitioner that the case could be dismissed for lack of prosecution if the victim were to not show up for court but that it could also be continued. Counsel further explained to the petitioner the possible outcomes if he went to trial. Counsel said the petitioner "was fully aware of what would happen and could happen . . . ."

Counsel testified that he was able to communicate with the petitioner and that the petitioner "was versed in this case to an extent." Counsel said that the petitioner "was able to appreciate every conversation that [they] had." On the day of the petitioner's plea, counsel went over each term of the plea with him, and it was counsel's opinion that the petitioner "absolutely knew without a doubt what he was doing." Counsel said that he had no concerns about the petitioner's mental health on the day he entered his plea "because of the medical information that had been submitted."

The petitioner testified that he did not remember pleading guilty or talking to counsel about the possible defenses in his case. He also did not remember the court's placing him on probation. However, he remembered filing a petition for post-conviction relief, explaining that he received help from someone at the law library in order to do so. The petitioner said that he "never carjacked no one." He admitted that counsel told him that he had tried to locate the witness, but he could not be found. The petitioner also remembered going to a hospital to be evaluated and talking to a psychiatrist or psychological professional. The petitioner said that he currently took medication for depression, paranoid schizophrenia, and bipolar disorder. He began taking medication for mental illness in 2003. He stated that he did not remember pleading guilty because he had been taking his medication. He claimed that he did not remember counsel explaining to him the ramifications of his guilty plea, violating his probation, or anything about his case at all.

On cross-examination, the petitioner acknowledged that he had entered more than a dozen guilty pleas, and he remembered all of those pleas. He admitted that he understood his rights, including his right to go to trial, before he appeared before the court to enter his plea in this case. The petitioner claimed that he did not know anything about his sentence and "thought [he] was going to the mental hospital or something."

The petitioner admitted that he had another felony case pending for obtaining a controlled substance by fraud at the same time his carjacking case was pending. He acknowledged that counsel negotiated that case along with the carjacking case. However, he claimed that he did not remember entering a guilty plea to that case either. He stated that he only remembered counsel visiting him in jail one time.

After the conclusion of the hearing, the post-conviction court entered an order denying relief. The court found that counsel "performed all of the duties necessary to provide [the] [p]etitioner with excellent representation" and did not render ineffective assistance. The court also found that the petitioner's plea was knowingly and intelligently made and that the petitioner's assertion that he did not remember the plea "does not render it involuntary." The court concluded that "no proof has been presented that would indicate anything other than a constitutionally sound guilty plea that was entered by [the] [p]etitioner with the advice and assistance of counsel whose performance was clearly within the range of competence demanded by Baxter vs. Rose[.]"

## ANALYSIS

The petitioner argues that his guilty plea was not knowingly and voluntarily entered because he suffers from a "mental condition and takes a number of medications . . . [and] has no memory of entering a guilty plea in this matter." He claims that he thought he was going to a mental hospital.

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2012). The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Id. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the post-conviction court's findings as to the credibility of witnesses or the weight of their testimony. Id. However, review of a post-conviction court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

Before a guilty plea may be accepted, there must be an affirmative showing in the trial court that it was voluntarily and knowingly entered. Boykin v. Alabama, 395 U.S. 238, 242 (1969); State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). This requires a showing that the defendant was made aware of the significant consequences of the plea. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999) (citing Mackey, 533 S.W.2d at 340). A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if

the guilty plea is "knowing" by questioning the defendant to make sure he or she fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.

Because the plea must represent a voluntary and intelligent choice among the alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the defendant's relative intelligence; (2) the defendant's familiarity with criminal proceedings; (3) whether the defendant was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against the defendant and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

The record fully supports the post-conviction court's finding that the petitioner's plea was knowingly and voluntarily entered. Counsel testified that he arranged for the petitioner to have a mental evaluation and, after evaluating the petitioner, Dr. Hutson determined that the petitioner was competent to stand trial and that at the time of the offense, mental disease or defect did not prevent him from appreciating the wrongfulness of his acts. Specifically, with regard to the petitioner's competency, Dr. Hutson found that the petitioner "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." The doctor noted that the petitioner "understands the charges against him and the consequences that can follow, and can advise counsel and participate in his own defense." Dr. Hutson additionally found that the petitioner was malingering or exaggerating his impairments.

Counsel testified that he met with the prosecutor and worked out a resolution on both of the petitioner's cases. Counsel "made numerous jail visits" to discuss the State's offer with the petitioner and advised him that he did not have to accept the offer but that "up-front probation" was "the best case scenario on this type of case." He discussed with the petitioner that the case could be dismissed for lack of prosecution if the victim were to not show up for court but that it could also be continued. Counsel said that he explained to the petitioner the possible outcomes if he went to trial and noted that the petitioner "was fully aware of what would happen and could happen . . . ."

Counsel testified that he was able to communicate with the petitioner and that the petitioner "was versed in this case to an extent." Counsel believed that the petitioner "was able to appreciate every conversation that we had." Counsel said that, on the day of the petitioner's plea, he went over each term of the plea with the petitioner, and it was counsel's

opinion that the petitioner "absolutely knew without a doubt what he was doing." Counsel said that he had no concerns about the petitioner's mental health on the day he entered his plea "because of the medical information that had been submitted."

In addition, at the conclusion of the plea submission hearing, in accepting the petitioner's plea, the trial court stated: "The Court finds that the plea is freely and voluntarily entered and the waiver was knowingly and intelligently made, and I'm specifically referring to our competency hearing earlier today in which [the petitioner] was found to be competent."

In sum, the evidence shows that the petitioner, who had prior experience with criminal proceedings and "had ple[d] guilty in numerous matters on other occasions," was represented by competent counsel with whom he conferred and was advised concerning the charges against him, and he received a mitigated sentence with up-front probation as a result of his plea. The evidence does not preponderate against the post-conviction court's finding that the petitioner's guilty plea was knowingly and voluntarily entered.

## CONCLUSION

Based on the foregoing authorities and reasoning, we conclude that the petitioner has failed to meet his burden of showing that his guilty plea was unknowing and involuntary. Accordingly, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE